COBB, Judge.
This appeal challenges the constitutional validity of a traffic stop based on section 320.061, Florida Statutes (1987), which proscribes alteration of a license plate. The ensuing arrest and search produced cocaine and drug paraphernalia, which the arresting officers previously had suspected based on information from a confidential informant.
The deposition testimony of one of the arresting officers considered at the suppression hearing revealed that the true basis of the stop was the officers’ suspicion of drug activity:
Q. Okay. So if you wanted to find him, you could have found him and you could have made a stop or made inquiry about the tag, correct?
A. Yes, and I did.
Q. Alright. Again I ask you was it a drug bust?
A. Traffic stop turned into a drug bust.
Q. Traffic stop expecting to find drugs that turned into a drug bust?
A. Correct.
Q. Recently acquired information—
A. Yes.
Q. —of drugs that evening by a phone call from prior source that you told you about this man being a drug seller?
A. Correct.
Q. He would have some drugs on him that evening?
A. Yes.
Q. Knew he did not have the correct tag on car.
A. Correct.
Q. And you knew he couldn’t produce a correct registration.
A. I didn’t know the answer to that question. Unless the registration was altered in someway to match the tag.
Q. You’d have gotten him then for altering registration, correct?
A. Correct.
Q. You knew you had him on the tag.
A. Correct.
Q. No ifs, ands or huts.
A. Right.
*656 Q. Information on drugs. I'm going to stop him on the tag. I’ll see what happens.
A. Right.
Q. Got lucky.
A. Right.
Q. Drug bust.
A. Right.
In point of fact, the reference to the incorrect tag was merely a typographical error of one letter on Johnson’s registration. It was apparent to the arresting officer at the scene that the license plate itself had not been altered. There was no information imparted to the arresting officers in regard to possession of drugs or paraphernalia which was sufficiently specific or particular to supply probable cause for an arrest for possession based upon consideration of the totality of circumstances. See Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527, rehearing denied, 463 U.S. 1237, 104 S.Ct. 33, 77 L.Ed.2d 1453 (1983). Since there was no probable cause for an arrest, either on a traffic or drug charge, the order denying suppression of evidence produced by that arrest was error, and the judgment and sentence below must be
REVERSED.
SHARP, C.J., and DAUKSCH, J., concur.